U.S. DISTRICT COURT
Southern District of Georgia
Filed in Open Court
10:34 a.m.
01/11 2016
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Ind. No. 1:15 CR 066** |
| | ) | |
| **RAFFAELE MANZI** | ) | |

## PLEA AGREEMENT

Defendant Raffaele Manzi, represented by his counsel Keith Johnson, and the United States of America, represented by Assistant United States Attorney Patricia G. Rhodes, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1.   Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 875(c), Threats in Interstate Communication.

2.   Elements and Factual Basis

To prove the offense charged in Count One the Government must prove that the Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another. The Government doesn't have to prove that the Defendant intended to carry out the threat

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

That on or about the 13th day of April 2015, in Richmond County, Georgia, within the Southern District of Georgia, the defendant, RAFFAELE MANZI, did knowingly and willfully transmit in interstate commerce from the State of Georgia, to Washington, D. C., a communication, that is, a telephone call, to an individual whose initials are R.K, and the communication contained a threat to injure others. Specifically, Manzi threatened: "I guess I gotta do something really drastic to get some goddamn attention since I'm an adult and nobody wants to help me in the goddamn country... I'm getting sick and tired of nobody doing nothing, and it seems like I have I have to do something violent or catastrophic to get the fucking attention I deserve.  Because you guys owe me fucking money..."

All done in violation of Section 875(c) of Title 18 of the United States Code.

3.    Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible penalties:  5 years of imprisonment, 3 years of supervised release, and a $250,000 fine. The Court additionally is obliged to impose a $100 special assessment.

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else.  The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

2

5.    Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

b.    Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section

3

3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

### c.   Recommendation

The government will recommend that Defendant be sentenced to a term of probation determined by the Court at sentencing.

## 7.   Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

## 8.   Waivers

### a.   Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

### b.   Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

4

c.      <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.      <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9.      <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

10.    Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

11.    Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws his guilty plea, or attempts to withdraw his guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence.  In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

12.    <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and

Defendant.

EDWARD J. TARVER
UNITED STATES ATTORNEY

12/15/15
Date

Patricia Green Rhodes
Georgia Bar No. 307288
Assistant United States Attorney

12/15/15
Date

Nancy C. Greenwood
Assistant United States Attorney
Deputy Chief, Criminal Division

7

I have read and carefully reviewed this agreement with my attorney.  I understand each provision of this agreement, and I voluntarily agree to it.  I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

12/15/15
Date

_____
Raffaele Manzi
Defendant


I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him.  I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

12/15/15
Date

_____
Keith B. Johnson
Defendant's Attorney


8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA    )
    )
v.    )    Ind. No. 1:15 CR 066
    )
RAFFAELE MANZI    )

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This _11th_ day of _January_ 2016.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA